## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LOIS JONES, LARRY T. JONES, TARON S. JONES, JACOB M. D. JONES, and AMBRIANA JENKINS, | ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Case No. 12 C 07835** |
| VINCE BALDASSANO, RICHARD M. MAHER, | ) | **Judge Thomas M. Durkin** |
| TIM E. WOOD, PAUL J. PARKS, TIMOTHY L. GRANVILLE, KAREN RITTORNO, ERIC R. | ) ) | **Magistrate Judge Michael T. Mason** |
| OLSON, CHRISTOPHER L. MALENOCK, MARTIN T. BRENNAN, ERIK A. MIEHLE, | ) ) | **JURY TRIAL DEMANDED** |
| ANTHONY J. JANNOTTA, JEFFREY T. SALVETTI, ERICK P. SENG, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## FOURTH AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, LOIS JONES, LARRY T. JONES, TARON S. JONES, JACOB M. D. JONES, and AMBRIANA JENKINS, by and through their attorney, Irene K. Dymkar, as their Fourth Amended Civil Rights Complaint against defendants, VINCE BALDASSANO, RICHARD M. MAHER, TIM E. WOOD, PAUL J. PARKS, TIMOTHY L. GRANVILLE, KAREN RITTORNO, ERIC R. OLSON, CHRISTOPHER L. MALENOCK, MARTIN T. BRENNAN, ERIK A. MIEHLE, ANTHONY J. JANNOTTA, JEFFREY T. SALVETTI, ERICK P. SENG, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, state as follows:

## NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color

of law.  Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2.     Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims asserted herein.

## JURISDICTION AND VENUE

3.     Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4.     Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

5.     At all times herein mentioned, plaintiffs, LOIS JONES, LARRY T. JONES, TARON S. JONES, JACOB M. D. JONES, and AMBRIANA JENKINS, were and are citizens of the United States and reside within the jurisdiction of the court.

6.     All plaintiffs are adults as of the filing of this Fourth Amended Complaint.

7.     At all times herein mentioned, defendants VINCE BALDASSANO (hereinafter BALDASSANO), RICHARD M. MAHER (hereinafter MAHER), TIM E. WOOD (hereinafter WOOD) , PAUL J. PARKS (hereinafter PARKS), TIMOTHY L. GRANVILLE (hereinafter GRANVILLE), KAREN RITTORNO (hereinafter RITTORNO), ERIC R. OLSON (hereinafter OLSON), CHRISTOPHER L. MALENOCK (hereinafter MALENOCK), MARTIN T. BRENNAN (hereinafter BRENNAN), ERIK A. MIEHLE (hereinafter MIEHLE), ANTHONY J. JANNOTTA (hereinafter JANNOTTA), JEFFREY T. SALVETTI (hereinafter SALVETTI), ERICK P. SENG (hereinafter SENG), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois.  Said defendants are being sued in their individual capacity.

2

8.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

9.      The Chicago Police Department has express and implied policies and procedures, and practices so prevalent as to constitute municipal policies and procedures, which resulted in the alleged constitutional violations to plaintiffs.

## STATEMENT OF FACTS

10.      At all times mentioned herein, plaintiffs LOIS JONES and LARRY T. JONES lived at 1244 N. Mason Street in Chicago, Illinois.  Plaintiffs TARON S. JONES and JACOB M.D. JONES are their grandsons.  Plaintiff AMBRIANA JENKINS was a visitor to the Jones' home on July 18, 2012.

### September 28 - 29, 2010

11.      On September 28 - 29, 2010, at approximately midnight, UNKNOWN OFFICERS entered the Jones residence, without a warrant, without permission, and without legal justification.

12.      The UNKNOWN OFFICERS searched the home, with canines present, and then left.

13.      The UNKNOWN OFFICERS are identified in police records recently obtained by plaintiffs as Thomas Cotter, Jairam Ramkumar, Brian Dorsch, Maher Saleiman, Anthony Cardella, Mohammed Yusuf, Richard King, Stephanie Zachar, Linda Romano, and Joseph Plovanich.

14.      Two weeks after the event, an UNKNOWN OFFICER (a sergeant) came to the home and asked plaintiffs if they were going to sue the CITY OF CHICAGO.

15.      The UNKNOWN OFFICER (sergeant) asked plaintiff LOIS JONES to sign papers, which she refused to do.

3

**June 25, 2012**

16.     On June 25, 2012, at approximately 9:30 - 10:00 PM, defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS entered the Jones residence, without a warrant, without permission, and without legal justification.

.     17.     Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS failed to knock and wait a reasonable amount of time for a response before they broke down the back door.

18.     Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS entered the home with guns drawn.

19.     Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS said to plaintiff LOIS JONES, who was home cooking, that they saw someone run into the home.  However, no one had run into the home.

20.     Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS searched the home and then left.

21.     The back door of the Jones' home was fixed by a contractor at CITY OF CHICAGO's expense.

22.     Plaintiff LOIS JONES went to the police station to complain about the illegal search and spoke to defendant OLSON.  She asked him for a police report of the event, but was told that no police records were made or kept of this event.

**July 18, 2012**

23.     On July 18, 2012, at approximately 8:30 - 9:00 PM, defendant BALDASSANO MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS arrived at 1244 N. Mason Street with a warrant to search Monique Jones and the premises at 1244 N. Mason Street.

24.     The search warrant was for "a blue steel semi automatic rifle, ammunition and any documents providing proof of residency" constituting evidence of the offense of "Possess [sic] Firearm Without Valid F.O.I.D. Card."

4

25.     The search warrant was obtained by appearing in front of a criminal court judge with an informant.

26.     Defendants BALDASSANO, and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, knew that the informant was unreliable and that his information about criminal activity was unreliable.

27.     Defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, knew that Monique Jones has a mental health condition and was taken to a hospital by Chicago police officers, including one or more of the defendants, for mental health treatment on July 17, 2012, and therefore could not have been present in the Jones home and in possession of a weapon.

28.     Defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, knew that the information presented to the judge was not true, had not been verified, and was unverifiable.

29.     Defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, intentionally presented false information to the judge in order to obtain the search warrant and it was in reliance on that false information that the judge signed the warrant.

30.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS failed to knock and wait a reasonable amount of time for a response before they broke the door and entered with guns drawn.

31.     Plaintiffs TARON S. JONES and AMBRIANA JENKINS, a visitor to the Jones' home, were handcuffed to a fence and detained outside TARON's grandparents' property at 1244 N. Mason Street while defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS entered and searched the home.

32.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS illegally detained plaintiff LOIS JONES and illegally cuffed and detained plaintiff LARRY T. JONES.

33.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS left the Jones home in total disarray.

34.     By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

**August 21, 2013**

35.     On August 21, 2013, at approximately 9:30 PM, four officers who have recently been identified as defendants MIEHLE, JANNOTTA, SALVETTI, and SENG entered the Jones residence without a warrant, without permission, and without legal justification.

36.     The four officers were dressed in plain clothes and despite LOIS JONES' repeated requests for their names, they refused to identify themselves.

37.     Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG were riding in what looked like a brown Chevy Tahoe, with a license plate that appeared to be M7234.

38.     Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG searched the Jones home without a warrant, without permission, and without legal justification.

39.     Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG detained LOIS JONES, TARON JONES, and JACOB M. D. JONES.

40.     Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG searched and cuffed TARON JONES and JACOB M. D. JONES.

41.     Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG left without formally taking anyone into custody.  One officer said as he was leaving, "Good luck with the lawsuit."

42.     The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

43.     These unconstitutional acts alleged were committed on the initiative of individual officers and also pursuant to express and implied policies and procedures of the Chicago Police

Department, and practices of the Chicago Police Department so prevalent as to constitute municipal policies and procedures.

44.     By reason of the above-described acts and omissions of the defendant police officers, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiffs LOIS JONES and LARRY T. JONES Against CITY OF CHICAGO for Unconstitutional Entry of Home on September 28 - 29, 2010

45.     Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

46.     UNKNOWN OFFICERS, identified in police records recently obtained by plaintiffs as Thomas Cotter, Jairam Ramkumar, Brian Dorsch, Maher Saleiman, Anthony Cardella, Mohammed Yusuf, Richard King, Stephanie Zachar, Linda Romano, and Joseph Plovanich, entered plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on September 28 - 29, 2010, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

47.     By reason of the conduct of said UNKNOWN OFFICERS, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

48.     In addition, the misconduct described alleged herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

        a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of

police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.   As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.   By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.   As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

        f.      The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count I, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

49.      By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT II
**Plaintiffs LOIS JONES and LARRY T. JONES Against CITY OF CHICAGO for Unconstitutional Search of Home on September 28 - 29, 2010**

50.      Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

51.      UNKNOWN OFFICERS, identified in police records recently obtained by plaintiffs as Thomas Cotter, Jairam Ramkumar, Brian Dorsch, Maher Saleiman, Anthony Cardella, Mohammed Yusuf, Richard King, Stephanie Zachar, Linda Romano, and Joseph Plovanich, searched plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on September 28 - 29, 2010, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

52.      By reason of the conduct of UNKNOWN OFFICERS, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

53.      In addition, the misconduct described alleged herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

        a.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of

police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.      As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.      By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.      As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

      f.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count II, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

54.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

<strong><u>COUNT III</u></strong><br>
<strong>Plaintiffs LOIS JONES and LARRY T. JONES Against OLSON, MALENOCK, BRENNAN, UNKNOWN OFFICERS, and CITY OF CHICAGO for Unconstitutional Entry of Home on June 25, 2012</strong>

55.     Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

56.     Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS entered plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on June 25, 2012, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

57.     Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS failed to knock and wait a reasonable amount of time for a response before they broke down the back door and entered plaintiffs' home.

58.     By reason of the conduct of defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

59.     In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c. By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d. As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which

12

officers fail to report misconduct committed by other officers, such as In
addition, the misconduct at issue in this case.

f.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse
described in Count III, despite actual knowledge of same, thereby causing
the types of injuries alleged herein.

60.     By reason of the policies, practices, and procedures of defendant CITY OF
CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the
Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted
thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C.
§1983.

**COUNT IV**
**Plaintiffs LOIS JONES and LARRY T. JONES Against OLSON, MALENOCK, BRENNAN,**
**UNKNOWN OFFICERS, and CITY OF CHICAGO for Unconstitutional Search of Home on**
**June 25, 2012**

61.     Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs
1 - 44, as though set forth herein in their entirety.

62.     Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS
searched plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on June 25, 2012, without a
warrant for the home, without permission, and without legal cause, thus invading and violating
plaintiffs' security and privacy.

63.     By reason of the conduct of defendants OLSON, MALENOCK, BRENNAN, and
UNKNOWN OFFICERS, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights,
privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the
Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to
plaintiffs pursuant to 42 U.S.C. §1983.

64.     In addition, the misconduct described herein was undertaken pursuant to the policy
and practice of the Chicago Police Department in that:

13

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.    By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.    As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which

14

officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

    f.    The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count IV, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

65.    By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT V**
**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants OLSON, MALENOCK, BRENNAN, UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental Claim of Trespass and Illegal Search of Home on June 25, 2012**

66.    Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

67.    Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS entered and searched plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on June 25, 2010, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

68.    Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS were employees or agents of the CITY OF CHICAGO and were performing duties within the scope of their employment.

69.    Defendants OLSON, MALENOCK, BRENNAN, and UNKNOWN OFFICERS are liable to plaintiffs under Illinois law for the state supplemental claim of trespass and illegal search.

70.    Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior.*

**COUNT VI**
**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants OLSON and CITY OF CHICAGO for Supervisory Liability on June 25, 2012**

71.     Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

72.     Defendant OLSON was a supervisory officer who approved, condoned, or turned a blind eye to unconstitutional conduct at the Jones home on June 25, 2012, and therefore, is liable as a supervisor.

73.     By reason of the conduct of defendant police officer, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant OLSON is liable to plaintiffs pursuant to 42 U.S.C. §1983.

74.     In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

    c.     By use of an express policy of the Chicago Police Department, officers improperly use so-called  "John Doe" informants and obtain so-called "John

16

Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.     As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

f.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count VI, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

75.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT VII**
**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, UNKNOWN OFFICERS, and CITY OF CHICAGO for Intentionally Procuring a Search Warrant Through Misrepresentation, Executed on July 18, 2012**

76.     Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

77.     Defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, procured a search warrant from the criminal court judge for 1244 N. Mason, on or about July 17, 2012, knowing that the informant was unreliable and that his information about the location and alleged criminal activity was unreliable.

78.     Defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, procured a search warrant from the criminal court judge, knowing that the information presented to the judge was not true, had not been verified, and was not verifiable.

79.     Defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, intentionally presented false information to the judge in order to obtain the search warrant and it was because of that false information that the judge signed the warrant.

80.     Defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, justify their illegal search of plaintiffs' home with the fraudulently obtained warrant.

81.     By reason of the conduct of defendants BALDASSANO and officers assisting him, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

18

82.     In addition, the misconduct described here was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.      As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.      By use of an express policy of the Chicago Police Department, officers improperly use so-called  "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.      As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and

19

use force on citizens in a manner similar to that alleged by plaintiffs in Count herein.

e.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

f.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count VII, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

83.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT VIII**
**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants BALDASSANO MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, UNKNOWN OFFICERS, and CITY OF CHICAGO for Unconstitutional Entry of Home on July 18, 2012**

84.     Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

85.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS illegally entered plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on July 18, 2012, without a valid warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

86.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS knew that the warrant was not valid.

87.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS failed to knock and wait a reasonable amount of time for a response before they broke the door and entered plaintiffs' home.

88.     By reason of the conduct of defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

89.     In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.      As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.      By use of an express policy of the Chicago Police Department, officers improperly use so-called  "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

21

d.  As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

f.  The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count VIII, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

90.  By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT IX**
**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, UNKNOWN OFFICERS, and CITY OF CHICAGO for Unconstitutional Search of Home on July 18, 2012**

91.  Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

22

92.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS illegally searched plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on July 18, 2012, without a valid warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

93.     Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS knew that the warrant was not valid.

94.     By reason of the conduct of defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

95.     In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

    c.     By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John

23

Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.    As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

f.    The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count IX, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

96.    By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT X**
**Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS**
**Against Defendants  BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE,**
**RITTORNO, UNKNOWN OFFICERS, and CITY OF CHICAGO for Illegal Seizure and**
**Detention on July 18, 2012**

97.     Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA

JENKINS incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

98.     Plaintiff TARON S. JONES and AMBRIANA JENKINS were cuffed to a fence

outside TARON's grandparents' home.

99.     Plaintiff LARRY T. JONES was cuffed inside his home.

100.    Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA

JENKINS were seized and detained by defendants BALDASSANO, MAHER, WOOD, PARKS,

GRANVILLE, RITTORNO, and UNKNOWN OFFICERS .

101.    The seizure and detention of plaintiffs were without probable cause and

unreasonable.

102.    By reason of the conduct of defendants BALDASSANO, MAHER, WOOD,

PARKS, GRANVILLE, RITTORNO and UNKNOWN OFFICERS, plaintiffs LOIS JONES,

LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS were deprived of rights,

privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the

Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to

plaintiffs pursuant to 42 U.S.C. §1983.

103.    In addition, the misconduct described herein was undertaken pursuant to the policy

and practice of the Chicago Police Department in that:

    a.      As a matter of both policy and practice, the Chicago Police Department

            directly encourages, and thereby the moving force behind, the very type of

            police misconduct at issue here by failing to adequately train, supervise, and

            control its officers, such that its failure to do so manifests deliberate

            indifference.

25

b.      As a matter of both policy and practice, the Chicago Police Department
        facilitates the very type of police misconduct at issue here by failing to
        adequately punish and discipline prior instances of misconduct, thereby
        leading Chicago police officers to believe their actions will never be
        scrutinized and, in that way, directly encourages future abuses such as those
        affecting plaintiffs.

c.      By use of an express policy of the Chicago Police Department, officers
        improperly use so-called "John Doe" informants and obtain so-called "John
        Doe" warrants without verifying the reliability of the informants and/or the
        reliability of their information.

d.      As a matter of implied policy and widespread practice so prevalent as to
        comprise municipal policy, officers of the Chicago Police Department
        illegally enter and search homes without a warrant, improperly use "John
        Doe" informants, improperly obtain so-called "John Doe" warrants without
        verifying the reliability of the informants and the reliability of their
        information, misrepresent information to magistrates in order to obtain
        warrants, fail to document police activity in reports which may be questioned
        in order to avoid scrutiny and accountability, and illegally seize, detain, and
        use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.      Municipal policy-makers are aware of, and condone and facilitate by their
        inaction, a "code of silence" in the Chicago Police Department, by which
        officers fail to report misconduct committed by other officers, such as In
        addition, the misconduct at issue in this case.

f.      The CITY OF CHICAGO has failed to act to remedy the patterns of abuse
        described in Count X, despite actual knowledge of same, thereby causing the
        types of injuries alleged herein.

26

104.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT XI
**Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS Against Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, UNKNOWN OFFICERS, and CITY OF CHICAGO for Excessive Force on July 18, 2012**

105.     Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS  incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

106.     The force used by defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS in accosting plaintiffs at gunpoint, placing overly tight handcuffs on the male plaintiffs, and cuffing TARON S. JONES and AMBRIANA JENKINS to the fence was excessive, unnecessary, unreasonable, and without legal cause.

107.     By reason of the conduct of defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS, plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

108.     In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

        a.     As a matter of both policy and practice, the Chicago Police Department
               directly encourages, and thereby the moving force behind, the very type of

27

police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c. By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d. As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

28

f. The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count XI, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

109. By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT XII
**Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS Against Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental Claim of Battery on July 18, 2012**

110. Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

111 The physical contact by defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS was offensive and injurious, and against plaintiffs' will.

112 BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS were employees or agents of the CITY OF CHICAGO and were performing duties within the scope of their employment are liable to plaintiffs under Illinois law for the state supplemental claim of battery.

113 BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, and UNKNOWN OFFICERS are liable to plaintiffs under Illinois law for the state supplemental claim of battery.

114. Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior.*

29

<u>COUNT XIII</u>

**Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS Against Defendants MAHER and CITY OF CHICAGO for Supervisory Liability on July 18, 2012**

115.    Plaintiffs, LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS, incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

116.    Defendant MAHER was a supervisory officers who approved, condoned, or turned a blind eye to unconstitutional conduct at the Jones home on July 18, 2012, and therefore, is liable as a supervisor.

117.    By reason of the conduct of defendant police officer, plaintiffs, LOIS JONES, LARRY T. JONES, TARON S. JONES, and AMBRIANA JENKINS, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant MAHER is liable to plaintiffs pursuant to 42 U.S.C. §1983.

118.    In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

30

      c.     By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

      d.     As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

      e.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

      f.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count XIII, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

119.    By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT XIV**

**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants MIEHLE, JANNOTTA, SALVETTI, SENG, and CITY OF CHICAGO for Unconstitutional Entry of Home on August 21, 2013**

120.     Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

121.     Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG entered plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on August 21, 2013, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

122.     By reason of the conduct of defendants MIEHLE, JANNOTTA, SALVETTI, and SENG, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

123.     In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be

32

scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.     By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.     As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as In addition, the misconduct at issue in this case.

f.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count XIV, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

124.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT XV**

**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants MIEHLE, JANNOTTA, SALVETTI, SENG, and CITY OF CHICAGO for Unconstitutional Search of Home on August 21, 2013**

125.    Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

126.    Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG searched plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on August 21, 2013, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

127.    By reason of the conduct of defendants MIEHLE, JANNOTTA, SALVETTI, and SENG, plaintiffs LOIS JONES and LARRY T. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

128.    In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

      a.    As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

      b.    As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby

34

leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.   By use of an express policy of the Chicago Police Department, officers improperly use so-called "John Doe" informants and obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.   As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

f.   The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count XV, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

129.   By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT XVI
**Plaintiffs LOIS JONES and LARRY T. JONES Against Defendants MIEHLE, JANNOTTA, SALVETTI, SENG, and CITY OF CHICAGO for State Supplemental Claim of Trespass and Illegal Search of Home on August 21, 2013**

130.    Plaintiffs LOIS JONES and LARRY T. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

131.    Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG entered and searched plaintiffs' home at 1244 N. Mason Street in Chicago, Illinois, on June 25, 2010, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

132.    Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG were employees or agents of the CITY OF CHICAGO and were performing duties within the scope of their employment.

133.    Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG are liable to plaintiffs LOIS JONES and LARRY T. JONES  under Illinois law for the state supplemental claim of trespass and illegal search.

134.    Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior.*

## COUNT XVII
**Plaintiffs LOIS JONES, TARON S. JONES, and JACOB M. D. JONES Against Defendants MIEHLE, JANNOTTA, SALVETTI, SENG, and CITY OF CHICAGO for Illegal Seizure, Detention, and Search of Person on August 21, 2013**

135.    Plaintiffs LOIS JONES, TARON S. JONES, and JACOB M. D. JONES incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

136.     Plaintiffs LOIS JONES, TARON S. JONES, and JACOB M. D. JONES were seized and detained while their home was being searched on August 21, 2013.

137.     Plaintiffs TARON S. JONES and JACOB M. D. JONES were cuffed and searched.

138.     The seizure, detention, and search of plaintiffs were without probable cause and unreasonable.

139.     By reason of the conduct of defendants MIEHLE, JANNOTTA, SALVETTI, and SENG, plaintiffs LOIS JONES, TARON S. JONES, and JACOB M. D. JONES were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

140.     In addition, the misconduct described herein was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

>     a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

>     b.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

>     c.     By use of an express policy of the Chicago Police Department, officers improperly use so-called  "John Doe" informants and obtain so-called "John

37

Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

d.   As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, improperly use "John Doe" informants, improperly obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize, detain, and use force on citizens in a manner similar to that alleged by plaintiffs herein.

e.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

f.   The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Count XVII, despite actual knowledge of same, thereby causing the types of injuries alleged herein.

141.   By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

38

## COUNT XVIII
### Plaintiffs LOIS JONES, TARON S. JONES, and JACOB M. D. JONES Against Defendants MIEHLE, JANNOTTA, SALVETTI, SENG, and CITY OF CHICAGO for State Supplemental Claims of Assault and Battery on August 21, 2013

142.    Plaintiffs LOIS JONES, TARON S. JONES, and JACOB M. D. JONES  incorporate and reallege paragraphs 1 - 44, as though set forth herein in their entirety.

143.    The threat of physical contact and the physical contact by defendants MIEHLE, JANNOTTA, SALVETTI, and SENG were offensive and injurious, and against plaintiffs' will.

144.    Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG were employees or agents of the CITY OF CHICAGO and were performing duties within the scope of their employment are liable to plaintiffs under Illinois law for the state supplemental claims of assault and battery.

145.  Defendants MIEHLE, JANNOTTA, SALVETTI, and SENG are liable to plaintiffs LOIS JONES, TARON S. JONES, and JACOB M. D. JONES under Illinois law for the state supplemental claims of assault and battery.

146.    Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior.*


## COUNT XIX
### Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, JACOB M. D. JONES, and AMBRIANA JENKINS Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)

147.    Plaintiffs LOIS JONES, LARRY T. JONES, TARON S. JONES, JACOB M. D. JONES, and AMBRIANA JENKINS  incorporate and reallege paragraphs 1 - 146, as though set forth herein in their entirety.

148.    In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

149.    Defendants BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, OLSON, MALENOCK, BRENNAN, MIEHLE, JANNOTTA, SALVETTI, SENG,

39

and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

150.    Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, LOIS JONES, LARRY T. JONES, TARON S. JONES, JACOB M. D. JONES, and AMBRIANA JENKINS by and through their attorney, Irene K. Dymkar, request judgment as follows against defendants, BALDASSANO, MAHER, WOOD, PARKS, GRANVILLE, RITTORNO, OLSON, MALENOCK, BRENNAN, MIEHLE, JANNOTTA, SALVETTI, SENG, UNKNOWN OFFICERS, and CITY OF CHICAGO, in the claims set forth above, and specifically:

A.    That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.    That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter,

C.    That defendants, except CITY OF CHICAGO, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter,

D.    That an injunction be issued against the CITY OF CHICAGO prohibiting it from using unconstitutional policies, procedures, and practices pertaining to the warrantless searches of homes and the procurement and execution of so-called "John Doe" warrants, requiring Chicago police officers to create reports documenting every entry and search of a home, and providing other equitable relief as is deemed just and proper,

E.    That a declaratory judgment be issued declaring the Chicago Police Department policies, procedures, and practices complained of herein to be unconstitutional,

F.    That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

G.    That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

H.    That plaintiffs be granted such other and further relief as this Court may deem just and proper.

40

**Plaintiffs hereby request A TRIAL BY JURY.**


Dated: October 30, 2013                                    /s/   Irene K. Dymkar
                                                                Irene K. Dymkar


Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

<u>**CERTIFICATE OF SERVICE**</u>


I, Irene K. Dymkar, an attorney, certify that on the 30th day of October, 2013, a copy of the above Fourth Amended Civil Rights Complaint was served upon the attorneys for defendants named below through the Court's electronic filing system.

| | |
|---|---|
| Brian P. Gainer | George J. Yamin, Jr. |
| Alexandria L. Bell | Raoul Mowatt |
| Ann E. Zipfel | City of Chicago Department of Law |
| Johnson & Bell, Ltd. | 30 N. LaSalle, Suite 900 |
| 33 W. Monroe, Suite 2700 | Chicago, Illinois 60602 |
| Chicago, Illinois 60603 | |


Dated: October 30, 2013                                    /s/   Irene K. Dymkar
                                                                Irene K. Dymkar